JESSE GRASTY, ESQ. (263792018)
STACY LANDAU, ESQ. (241602017)
NUKK-FREEMAN & CERRA, P.C.
26 Main Street, Suite 202
Chatham, New Jersey 07928
Telephone: (973) 665-9100
Facsimile: (973) 665-9101
*Attorneys for Defendant United Airlines, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SAMANTHA NARANJO,<br><br>             Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC.,<br><br>             Defendants. | Civil Action No.: 2:23-cv-01939<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT ON BEHALF OF DEFENDANT UNITED AIRLINES, INC.** |

Defendant United Airlines, Inc. ("United" or "Defendant"), by and through its attorneys, Nukk-Freeman & Cerra, P.C., answers the Civil Action Complaint ("Complaint") of Plaintiff Samantha Naranjo ("Plaintiff"), as follows:

**AS TO "INTRODUCTION"**

1.      The allegations set forth in Paragraph 1 of the Complaint consist of legal conclusions to which no response is required.

**AS TO "JURISDICTION AND VENUE"**

2.      The allegations set forth in Paragraph 2 of the Complaint consist of legal conclusions to which no response is required.

3.      The allegations set forth in Paragraph 3 of the Complaint consist of legal conclusions to which no response is required.

4. The allegations set forth in Paragraph 4 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendant admits that venue is proper.

5. The allegations set forth in Paragraph 5 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendant admits only that Plaintiff is proceeding under the statutes cited and Plaintiff filed a Charge of Discrimination with the Equal Employment Commission, which is a written document that speaks for itself.

## AS TO "PARTIES"

6. Defendant repeats and reincorporates its responses to Paragraphs 1 through 5 of the Complaint as if fully set forth herein.

7. Defendant admits that Plaintiff is an adult individual. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations set forth in Paragraph 7 of the Complaint and leaves Plaintiff to her proofs.

8. Defendant admits the allegations set forth in Paragraph 8 of the Complaint.

9. The allegations set forth in Paragraph 9 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendant denies the allegations set forth in Paragraph 9 of the Complaint.

## AS TO "FACTUAL BACKGROUND"

10. Defendant repeats and reincorporates its responses to Paragraphs 1 through 9 of the Complaint as if fully set forth herein.

11. Defendant admits the allegations set forth in Paragraph 11 of the Complaint.

12. Defendant denies the allegations set forth in Paragraph 12 of the Complaint.

13. Defendant admits that at the time of Plaintiff's termination, Michelle Mackey was an Inflight Supervisor overseeing investigations involving various flight attendants, including Plaintiff. Defendant denies the remaining allegations set forth in Paragraph 13 of the Complaint.

14. Defendant admits that Plaintiff was a Flight Attendant. Defendant denies the remaining allegations set forth in Paragraph 14 of the Complaint.

15. The allegation set forth in Paragraph 15 of the Complaint that Plaintiff's alleged condition included "ADA-qualifying disabilities" is a legal conclusion to which no response is required. Defendant is without knowledge or information sufficient to admit or deny the remaining set forth in Paragraph 15 of the Complaint and leaves Plaintiff to her proofs.

16. Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 16 of the Complaint and leaves Plaintiff to her proofs.

17. Defendant is without knowledge or information sufficient to admit or deny the allegations that Plaintiff was diagnosed with Crohn's Disease in or about 2010 and leaves Plaintiff to her proofs. Defendant denies the remaining allegations set forth in Paragraph 17 of the Complaint.

18. The allegation set forth in Paragraph 18 of the Complaint that Plaintiff required "reasonable accommodations, including, but not limited to, ADA and FMLA-qualifying intermittent medical leave" is a legal conclusion to which no response is required. Defendant is without knowledge or information sufficient to admit or deny the allegations that she experienced "flare up[s] of her disabilities and leaves Plaintiff to her proofs. Defendant denies the remaining allegations set forth in Paragraph 18 of the Complaint.

19. Defendant denies the allegations set forth in Paragraph 19 of the Complaint as stated and leaves Plaintiff to her proofs.

20. Defendant denies the allegations set forth in Paragraph 20 of the Complaint as stated and leaves Plaintiff to her proofs.

21. Defendant admits that on or about February 14, 2022, Plaintiff applied for family and medical leave which was denied because she had not worked enough hours to be eligible for leave. Defendant denies the remaining allegations set forth in Paragraph 21 of the Complaint.

22. Defendant denies the allegations set forth in Paragraph 22 of the Complaint.

23. Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

24. Defendant admits the allegations set forth in Paragraph 24 of the Complaint.

25. Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant admits that Plaintiff was absent from her scheduled shift on May 13, 2022. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations set forth in Paragraph 26 of the Complaint and leaves Plaintiff to her proofs.

27. Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 27 of the Complaint and leaves Plaintiff to her proofs.

28. Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 28 of the Complaint and leaves Plaintiff to her proofs.

29. Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

30. Defendant admits that on June 3, 2022, Mackey advised Plaintiff for the first time that she was scheduled for an investigative hearing on June 6, 2022 regarding her May 13, 2022 absence. Defendant denies the remaining allegations set forth in Paragraph 30 of the Complaint.

31. Defendant admits that Plaintiff claimed to Mackey that Plaintiff's FMLA paperwork had been submitted. Defendant denies the remaining allegations set forth in Paragraph

31 of the Complaint. By way of further response, Defendant avers that Mackey told Plaintiff to bring her FMLA paperwork to the hearing on June 6, 2022.

32. Defendant denies the allegations set forth in Paragraph 32 of the Complaint.

33. Defendant admits that during the hearing on June 6, 2022, Plaintiff was instructed to write a statement, which she did. Defendant denies the remaining allegations set forth in Paragraph 33 of the Complaint.

34. Defendant admits the allegations set forth in Paragraph 34 of the Complaint.

35. Defendant admits that Plaintiff exceeded its attendance points system. Defendant denies the remaining the allegations set forth in Paragraph 35 of the Complaint as stated and leaves Plaintiff to her proofs.

36. Defendant denies the allegations set forth in Paragraph 36 of the Complaint.

37. Defendant admits that on or about October 5, 2022, Plaintiff participated in the Step One Appeal Conference. Defendant denies the remaining allegations set forth in Paragraph 37 of the Complaint.

38. Defendant admits that it upheld Plaintiff's termination on or about November 4, 2022. Defendant denies the remaining allegations set forth in Paragraph 38 of the Complaint.

39. Defendant denies the allegations set forth in Paragraph 39 of the Complaint

### COUNT I
### Violations of the Americans with Disabilities Act, as Amended ("ADA")
([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate)

40. Defendant repeats and reincorporates its responses to Paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41. The allegation set forth in Paragraph 41 the Complaint that Plaintiff's alleged condition constituted "qualifying health conditions under the ADA" is a legal conclusion to which

no response is required. Defendant is without knowledge or information sufficient to admit or deny the remaining set forth in Paragraph 41 of the Complaint and leaves Plaintiff to her proofs.

42. Defendant denies the allegations set forth in Paragraph 42 of the Complaint.

43. Defendant denies the allegations set for in Paragraph 43 of the Complaint.

44. Defendant admits that it terminated Plaintiff's employment. Defendant denies the remaining allegations set forth in Paragraph 44 of the Complaint.

45. Defendant denies the allegations set forth in Paragraph 45 of the Complaint.

46. Defendant denies the allegations set forth in Paragraph 46 of the Complaint

## COUNT II
## Violations of the Family and Medical Leave Act ("FMLA")
([1] Interference; and [2] Retaliation)

47. Defendant repeats and reincorporates its responses to Paragraphs 1 through 46 of the Complaint as if fully set forth herein.

48. The allegations set forth in Paragraph 48 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendant denies the allegations set forth in Paragraph 48 of the Complaint.

49. Defendant admits that Plaintiff requested leave from Defendant and that she had been employed for at least twelve months with Defendant. The remaining allegations in Paragraph 49 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendant denies the allegations set forth in Paragraph 49 of the Complaint.

50. Defendant denies the allegations set forth in Paragraph 50 of the Complaint.

51. The allegations set forth in Paragraph 51 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendant admits the allegations set forth in Paragraph 51 of the Complaint.

52. The allegations set forth in Paragraph 52 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendant denies the allegations set forth in Paragraph 52 of the Complaint.

53. Defendant denies the allegations set forth in Paragraph 53 of the Complaint.

54. Defendant denies the allegations set forth in Paragraph 54 of the Complaint.

## COUNT III
### Violations of the New Jersey Law Against Discrimination ("NJ LAD")
### ([1] Actual/Perceived Record of Disability Discrimination; [2] Retaliation; & [3] Failure to Accommodate)

55. Defendant repeats and reincorporates its responses to Paragraphs 1 through 54 of the Complaint as if fully set forth herein.

56. The allegation set forth in Paragraph 56 the Complaint that Plaintiff's alleged condition constituted "qualifying health conditions under the NJLAD" is a legal conclusion to which no response is required. Defendant is without knowledge or information sufficient to admit or deny the remaining set forth in Paragraph 56 of the Complaint and leaves Plaintiff to her proofs.

57. Defendant denies the allegations set forth in Paragraph 57 of the Complaint.

58. Defendant denies the allegations set forth in Paragraph 58 of the Complaint.

59. Defendant admits that it terminated Plaintiff's employment. Defendant denies the remaining allegations set forth in Paragraph 59 of the Complaint.

60. Defendant denies the allegations set forth in Paragraph 60 of the Complaint.

61. Defendant denies the allegations set forth in Paragraph 61 of the Complaint

**WHEREFORE**, Defendant denies that Plaintiff is entitled to judgment against it or any relief whatsoever as alleged in the Complaint, including but not limited to all relief demanded in Plaintiff's WHEREFORE clause.  Defendant prays that judgment be entered dismissing with prejudice Plaintiff's Complaint against it in its entirety, denying all relief sought by Plaintiff, and awarding Defendant its attorneys' fees, costs of suit, interest and such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Defendant denies all liability and denies that Plaintiff has sustained any damages as a result of Defendant's conduct and/or the conduct of any of Defendant's employees.

3. To the extent Plaintiff asserts or attempts to assert a claim or cause of action based in whole or in part on alleged facts, acts, or omissions that are outside the applicable statute(s) of limitations, such claim or cause of action is time-barred.

4. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, unclean hands, waiver and judicial and/or equitable estoppel.

5. Defendant did not take any tangible, adverse employment action against Plaintiff that was attributable to any protected class.

6. Defendant did not retaliate against Plaintiff, intentionally or otherwise.

7. Any employment-related actions taken against Plaintiff were not for retaliatory and/or discriminatory reasons, but instead were for legitimate business reasons and/or reasonable factors other than unlawful retaliation and/or discrimination.

8. Plaintiff's claims of discrimination are barred on the grounds that Plaintiff was not treated less favorably than any similarly situated individual outside of her protected category.

9. To the extent that Plaintiff has failed to mitigate, minimize or avoid any damages allegedly sustained, any recovery against Defendant must be reduced.

10. Defendant denies any willful, wanton, malicious, intentional, or reckless acts or omissions which might entitle Plaintiff to punitive damages.

11. Defendant is not liable for any conduct as alleged by Plaintiff, of which it had no knowledge, actual or constructive, and against which Defendant maintains an express policy that is effectively disseminated.

12. Defendant is not liable to Plaintiff for any damages, including punitive damages, because Defendant did not authorize or ratify any unlawful conduct.

13. Defendant affirmatively avers that, at all times pertinent to the claims in the Complaint, it had adequate policies with respect to equal employment opportunities in the workplace, discrimination, harassment, retaliation, disability accommodations and workplace leaves.

14. At all times relevant to the matter, Defendant has acted in good faith and in accordance with all applicable laws, regulations and standards.

15. To the extent Defendant's employees were acting outside the course and scope of their employment, Defendant is not liable for their actions. Further, Defendant is not liable for the actions of third parties under any theory, including but not limited to the joint employer, agency, or respondent superior theories.

16. While Defendant maintains that Plaintiff states no cause of action and denies the allegations in the Complaint, Defendant further answers in the alternative that the sole proximate cause of Plaintiff's claims and alleged injuries/damages, if any, was Plaintiff's own conduct or the conduct of third parties for which Defendant is not liable.

17. While Defendant maintains that Plaintiff states no cause of action and denies the allegations in the Complaint, Defendant further answers in the alternative that the alleged damages are limited by the applicable statutory cap on damages.

18. Plaintiff was a member of the Association of Flight Attendant ("AFA") and the terms of her employment were governed by a collective bargaining agreement ("CBA") between United and the AFA. To the extent Plaintiff's claims require interpretation of the provisions of the CBA, Plaintiff is required to abide by the grievance and arbitration provisions of the CBA and the instant action is precluded.

19. Plaintiff's claims are preempted by the Railway Labor Act, 45 U.S.C. §151 *et seq.*, depriving this Court of subject matter jurisdiction over Plaintiff's claims.

20. Plaintiff's damages are barred, in whole or in part, by the after-acquired evidence doctrine.

21. Some or all of Plaintiff's claims are frivolous and/or brought in bad faith.

22. The Complaint contains insufficient information to permit Defendant to raise all available defenses and Defendant therefore reserves its rights to amend and/or supplement its Answer and these defenses and to assert additional defenses.

23. Defendant specifically reserves the right to assert any additional affirmative defenses and any counter claims, cross claims, and/or third party demands it may discover during the course of additional investigation and discovery.

## DEMAND FOR STATEMENT OF DAMAGES

Pursuant to L. Civ. R. 8.1, Defendant demands a written statement of damages claimed by Plaintiff in the Complaint within fourteen (14) days of service of the within Answer.

## L. CIV. R. 11.2 CERTIFICATION

The undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any Court, arbitration, or administrative proceeding. There are no other parties currently known who should be joined in the action.

                                        NUKK-FREEMAN & CERRA, P.C.
                                        *Attorneys for Defendant, United Airlines, Inc.*

                                        By: /s/ Jesse Grasty
                                             Jesse Grasty, Esq.
                                             Stacy Landau, Esq.
                                             Chatham Executive Center
                                             26 Main Street, Suite 202
                                             Chatham, New Jersey 07928
                                             jgrasty@nfclegal.com
                                             slandau@nfclegal.com
                                             Telephone: (973) 665-9100

Dated: June 2, 2023